February 17, 2010

The Honorable Yvonne Davis
Chair, Committee on Urban Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0760

Re: Authority of a sheriff to accept a fee from a private organization that contracts with the sheriff's county to operate the county jail  (RQ-0823-GA)

Dear Representative Davis:

You ask several questions involving section 351.101 of the Local Government Code.[1] Section 351.101 provides, in relevant part, that:

> The commissioners court of a county, with the approval of the sheriff of the county, may contract with a private organization to place inmates in a detention facility operated by the organization. The commissioners court may not contract with a private organization in which a member of the court or an elected or appointed peace officer who serves in the county has a financial interest . . . . A contract made in violation of this section is void.

TEX. LOC. GOV'T CODE ANN. § 351.101 (Vernon 2005). You describe, generally, a situation in which a county and a private organization have entered into a contract under section 351.101. *See* Request Letter at 1. You tell us that the person holding the office of county sheriff would be paid an administrative fee by the private organization "based upon inmate count" and "ostensibly" for the sheriff's administrative responsibilities with respect to the contract.[2] *Id.*

---

[1]*See* Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

[2]We received a brief averring that the contract structure utilized in a particular county is different from the contract structure described in the request and that the sheriff receives only a salary from the county. Brief from Michael W. Dixon, Haley & Olson, P.C. at 2 (Oct. 5, 2009) (on file with the Opinion Committee). We answer only the general questions posed in the Request Letter, and in doing so we must rely on the factual representations of the one requesting our opinion. *See* Tex. Att'y Gen. Op. No. GA-0249 (2004) at 2 (stating that fact questions cannot be answered in the opinion process and assuming that the request letter has provided a "correct and complete version of the facts"); *see also* Tex. Att'y Gen. Op. No. H-772 (1976) at 6 (relying on facts as presented in the request letter). A court considering a specific contract and a specific set of facts could arrive at a different conclusion.

You state that because a county may not enter into such a contract for jail services without the sheriff's approval, a situation involving the sheriff's personal acceptance of a fee paid by a private organization raises the following questions:

> 1. Is there any constitutional or statutory authority which allows a sheriff to be offered or to accept an administrative fee paid by a private organization?
>
> 2. Does the acceptance of such an administrative fee by the sheriff constitute or is it tantamount to having a "financial interest" in the private organization which violates Section 351.101 of the Texas Local Government Code and causes the contract to be void?
>
> 3. Is the payment or acceptance of an administrative fee to the sheriff, who must first approve the contract between the county and a private organization wishing to operate a facility for county prisoners, a violation of any criminal laws?

*Id.* at 1–2. Because you do not ask about a particular contract, we can address your questions only generally. *See id.* at 1 (noting several such contracts in Texas but stating that the request is not "requesting an opinion for any certain contract").

First, you ask broadly about a sheriff's authority to accept an administrative fee from a third party. *See id.* at 1 (noting also that a "sheriff's salary/compensation includes being paid for the safe keeping of county prisoners"). Article XVI, section 61 of the Texas Constitution requires that "county officers in counties having a population of twenty thousand (20,000) or more . . . be compensated on a salary basis." TEX. CONST. art. XVI, § 61(a); *see also id.* art. V, § 23 (providing for election of sheriff by county voters). In counties with a population of less than twenty thousand, the "Commissioners Courts have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts to compensate all sheriffs . . . on a salary basis." *Id.* art. XVI, § 61(c). Thus, regardless of county population, county sheriffs must be compensated on a salary basis. A sheriff, paid on a salary basis, "receives the salary instead of all fees, commissions, and other compensation the officer would otherwise be authorized to keep." TEX. LOC. GOV'T CODE ANN. § 154.002 (Vernon 2008); *see also Moore v. Sheppard,* 192 S.W.2d 559, 560 (Tex. 1946) (associating officer's "fees of office" with fee charged for performance of the officer's official duties). While article XVI, section 61 requires that a fee of office earned by a county officer "shall be paid into the county treasury," it is not a grant of authority for the acceptance of a fee. TEX. CONST. art. XVI, § 61(d); *cf.* TEX. LOC. GOV'T CODE ANN. § 154.005(c) (Vernon 2008) (permitting Sheriff to receive reward for apprehended criminal or stolen property). In addition, the Local Government Code expressly places the authority to establish the "amount of . . . compensation" for county officers with the county commissioners court. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 2008) (authorizing the commissioners court to set the compensation for county officers paid

wholly from county funds). Accordingly, we conclude that neither the Texas Constitution nor Texas statutes authorize a county sheriff to accept from a private organization an administrative fee such as you have described.

Second, you inquire whether the sheriff's acceptance of the administrative fee from a private organization constitutes or is tantamount to a "financial interest" under section 351.101. *See* Request Letter at 2. Because of our conclusion that there is no authority for a sheriff to accept the fee described, we need not address this question.

Third, you ask whether the sheriff's acceptance of an administrative fee violates any criminal laws. *Id.* Whether particular conduct constitutes a violation of a criminal statute involves questions of fact that are outside the purview of the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0485 (2006) at 4 (noting that questions involving issues of fact are outside the Attorney General opinion process).

## S U M M A R Y

Neither the Texas Constitution nor Texas statutes authorize the person holding the office of county sheriff to be paid an administrative fee by a private organization.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee